FILED
2022 Jan-12 PM 03:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RICHARD JAMES RUSSAW,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **5:20-cv-00846-AKK** |
| **COMMISSIONER, SOCIAL** ) | |
| **SECURITY ADMINISTRATION,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Richard James Russaw brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration regarding his claim for Disability Insurance Benefits. The magistrate judge entered a report and recommendation affirming the Commissioner's decision denying benefits, doc. 26, and Russaw filed objections to the report, doc. 27. Russaw objects to the magistrate judge's findings (1) that Russaw's intention to attend nursing school constitutes at least some evidence of his ability to work, and (2) that the administrative law judge's determination was supported by substantial evidence. *See* doc. 27. The court will address each objection in turn.

**I.**

Russaw first objects to the magistrate judge's finding "that the ALJ properly used evidence of [Russaw's] intention to attend nursing school as indicative of his physical capabilities." Doc. 27 at 2. As part of her review of the ALJ's determination of Russaw's residual functional capacity, the magistrate judge noted that Russaw "formed an intention during the relevant period to attend nursing school" and took steps to complete the medical testing and paperwork required for enrollment. Doc. 26 at 9-10 (internal citations omitted). The magistrate judge found that Russaw's "definite intent to attend nursing school, even if ultimately he did not realize that intention, . . . constitutes at least some evidence Russaw was not suffering from a disabling mental or physical impairment during the relevant period, even if it does not necessarily speak to Russaw's precise functional capability." *Id*. at 10. Russaw argues that while he "may have intended to attend nursing school as a result of erroneously believing himself capable of doing so, his impairments rendered him unable to do so," and that his intention thus only serves as evidence "of his subjective beliefs at the time." Doc. 27 at 1-2.

As the magistrate judge noted in her report, however, the ALJ did not rely exclusively on Russaw's intention to attend nursing school in determining his RFC. Instead, both the ALJ and the magistrate judge also cited other evidence

supporting the ALJ's finding as to Russaw's RFC. *See id*. at 8-15. As the magistrate judge explained:

> absence of imaging showing more than mild-to-moderate degenerative changes in Russaw's knees and cervical and lumbar spines during the relevant period; physical examinations performed during and after the relevant period that revealed Russaw's musculoskeletal system, back, and gait to be normal; documentation that Russaw's diabetes was well-controlled near his date last insured; evidence Russaw was making plans during the relevant period to attend nursing school; and evidence regarding Russaw's daily activities, together constitute substantial evidence supporting the ALJ's determination Russaw had the RFC to perform light work with certain postural and environmental limitations.

*Id*. at 11. Put simply, the record shows that, even disregarding Russaw's intention to attend nursing school, there is still "such relevant evidence as a reasonable person would accept as adequate to support" the ALJ's RFC determination. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Therefore, the court overrules Russaw's objection.

## II.

Russaw's second objection is generic. He argues that although the ALJ cited evidence supporting the RFC determination she made, "in the context of the record as a whole, considering [Russaw's] testimony and the additional medical evidence in the record, the evidence supporting the ALJ's decision cannot be considered 'substantial.'" Doc. 27 at 2-3. But Russaw provides no further support for this

objection, and he does not point specifically to any particular testimony or medical evidence that either the ALJ or the magistrate judge failed to consider. As outlined previously, the ALJ's finding that Russaw has the RFC to perform light work is supported by substantial evidence. Therefore, the court overrules Russaw's second objection.

### III.

After careful consideration of the record, the magistrate judge's report and recommendation, and Russaw's objections, the court hereby **ADOPTS** the report of the magistrate judge. The court further **ACCEPTS** the recommendation of the magistrate judge that the court **AFFIRM** the Commissioner's decision. The court will enter a separate order in accordance with this opinion.

**DONE** the 12th day of January, 2022.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE